UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Armando Rivas,<br><br>           Plaintiff,<br><br>   v.<br><br>Santander Consumer USA, Inc.,<br><br>           Defendant. | Civil Action No.:  3:14-cv-00055<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Armando Rivas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Armando Rivas  ("Plaintiff"), is an adult individual residing in Boynton Beach, Florida, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Santander Consumer USA, Inc. ("Santander"), is a Texas business entity with an address of 8585 North Stemmons Freeway, Suite 1100 North, Dallas, Texas 75247, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5. Beginning in or around March 2013, Santander started calling Plaintiff six (6) to ten (10) times a day on his cellular telephone, number 561-xxx-1738.

6. At all times mentioned herein, Santander called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. Plaintiff never provided his cellular number to Santander and did not provide his consent to be contacted on his cellular telephone.

8. When he answered each call, Plaintiff experienced a period of silence followed by a prerecorded message that directed Plaintiff to return Santander's call at the number provided.

9. At all times, Santander was calling in attempts to collect on loan payments from Plaintiff.

10. In or about August 2013, Plaintiff requested Santander cease the frequent calls to his cell phone as he had been making payments.

11. Nonetheless, Santander continued to hound Plaintiff with calls on his cell phone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Defendant's telephone systems have some earmarks of a predictive dialer. Often times when Defendant called Plaintiff, he was met with a period of silence before Defendant's telephone system would connect him to a prerecorded, automated message.

16. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff did not provide his consent to be contacted on his cellular telephone, and in fact instructed Defendant to stop all calls to him and cease calling his cellular telephone.

18. Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff to cease calls and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

22. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 8, 2014

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com

14785 Preston Road, Suite 550
Dallas, Texas  75154
Attorneys for Plaintiff